# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re*: J.W.

No. 16-0540 (Fayette County 15-JD-25)

**FILED**

**May 22, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner J.W., by counsel John M. Thompson Jr., appeals the Circuit Court of Fayette County's May 11, 2016, dispositional order placing him in the custody of the Division of Juvenile Services for placement in a facility until the age of twenty-one following his adjudication of one count of breaking and entering, one count of petit larceny, and two counts of conspiracy to commit breaking and entering.[1] The State, by counsel Shannon Frederick Kiser, filed a response. On appeal, petitioner argues that the circuit court erred in imposing disposition because its decision was arbitrary and capricious and it did not consider less-restrictive dispositional alternatives.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In November of 2015, the State filed a juvenile petition against petitioner that charged him with eight separate counts of criminal conduct, including counts of breaking and entering, petit larceny, destruction of property, and conspiracy. The charges stemmed from petitioner and three accomplices breaking into and burglarizing a church and later planning to break into a second church. In December of 2015, petitioner waived his right to a preliminary hearing. As such, the circuit court set the matter for trial and placed petitioner in the custody of the Division of Juvenile Services for placement at the Gene Spadaro Juvenile Center.

In March of 2016, the circuit court held a jury trial. At the conclusion of the trial, the jury found petitioner guilty of one count of breaking and entering, one count of petit larceny, and two counts of conspiracy to commit breaking and entering. As such, the circuit court adjudicated petitioner to be delinquent as to those offenses. Pending disposition, the circuit court ordered that

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

custody of petitioner continue at his current juvenile facility and directed the probation department to prepare a dispositional report regarding petitioner's future placement.

In May of 2016, the circuit court held a dispositional hearing, during which petitioner requested that he be released into the custody of the Summit Academy, a private residential school in the Commonwealth of Pennsylvania. Petitioner also requested that a psychological evaluation be performed to aid in the circuit court's placement decision. According to petitioner, his probation officer also recommended placement at the Summit Academy, and the multidisciplinary team ("MDT"), which met prior to sentencing, recommended placement in a structured program that would prepare him for possible release on probation. The circuit court also heard evidence that petitioner's parents, with whom he did not reside prior to incarceration, were willing to accept custody. The circuit court denied petitioner's request and instead placed him in the custody of the Division of Juvenile Services for placement in a juvenile facility until the age of twenty-one. In making its determination, the circuit court considered the seriousness of petitioner's crimes, his denial of responsibility, the lack of familial support, and his high risk of recidivism as established by his Youth Level of Service/Case Management Inventory ("YLSCMI") score. According to the circuit court, this placement would better serve petitioner's interests because he would receive assistance in learning a skill or trade and completing his education. In August of 2016, petitioner filed a motion to modify disposition, which the circuit court denied by order entered that same month. It is from the dispositional order that petitioner appeals.

We have previously established the following standard of review:

> "In reviewing the findings of fact and conclusions of law of a circuit court . . . , we apply a three-pronged standard of review. We review the decision . . . under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review." Syllabus Point 1, *State v. Head*, 198 W.Va. 298, 480 S.E.2d 507 (1996).

Syl. Pt. 1, in part, *State v. Georgius*, 225 W.Va. 716, 696 S.E.2d 18 (2010). Upon our review, we find no error in the circuit court's rulings below.

Upon our review, the Court finds no error in the disposition imposed, as it was neither arbitrary nor capricious and constituted the least-restrictive dispositional alternative. Petitioner provides no argument on appeal that persuades us to conclude that this decision was arbitrary and capricious and was more restrictive than necessary, other than the fact that he disagrees with the ultimate outcome. According to petitioner, both his mother and father informed the MDT that they would accept placement of the child. He further argues that he could have been placed in a DHHR facility, but that most facilities require a psychological evaluation, which the circuit court denied in this matter. Lastly, he argues that placement at the Summit Academy would have been proper. However, petitioner's argument on appeal ignores the many reasons the circuit court articulated as to why none of these placements were appropriate.

First, the circuit court specifically found that petitioner's parents divorced when he was five years old and that he did not reside with them full-time prior to his incarceration. Based upon the parents' lack of proper supervision for the child, the circuit court specifically found that they were "unable to take custody of him" at disposition. The circuit court further addressed petitioner's living arrangement prior to his incarceration, noting that petitioner lived with his maternal grandfather as well as his uncle, "who the [circuit c]ourt believe[d] was involved in" at least one of the crimes in question. While in this home, petitioner was suspended from school on two occasions. Based upon this evidence, the circuit court specifically found that "to allow [petitioner] to return home would not be in [his] best interest . . . ." As to the remaining placement options petitioner suggests, namely placement in a DHHR facility or the Summit Academy, the circuit court specifically found that these were inappropriate because petitioner "is in need of a structured environment, an education and/or a trade." The circuit court also found that placement in a juvenile facility was necessary because petitioner's YLSCMI score indicated a high risk to reoffend.

West Virginia Code § 49-4-714(b) provides that "[t]he court shall make all reasonable efforts to place the juvenile in the least restrictive alternative appropriate to the needs of the juvenile and the community . . . ." In interpreting this statute, we have held as follows:

> "In considering the least restrictive dispositional alternative for sentencing a juvenile, a juvenile court must consider the reasonable prospects for rehabilitation of the child as they appear at the time of the dispositional hearing, with due weight given to any improvement in the child's behavior between the time the offense was committed and the time sentence is passed." Syllabus Point 6, *State ex rel. D.D.H. v. Dostert*, 165 W.Va. 448, 269 S.E.2d 401 (1980).

Syl. Pt. 6, *State v. Kirk N.*, 214 W.Va. 730, 591 S.E.2d 288 (2003). Based upon these authorities, it is clear that the circuit court did not err in placing petitioner in a juvenile facility, as opposed to a less-restrictive placement with a relative, in a DHHR facility, or at the Summit Academy.

Moreover, we find that placement at the Summit Academy in Pennsylvania would have been inappropriate, given our prior holdings regarding out-of-state facilities. We have previously held that

> "[w]hile a circuit court should give preference to in-state facilities for the placement of juveniles, if it determines that no in-state facility can provide the services and/or security necessary to deal with the juvenile's specific problems, then it may place the child in an out-of-state facility. In making an out-of-state placement, the circuit court shall make findings of fact with regard to the necessity for such placement." Syllabus Point 6, *State v. Frazier*, 198 W.Va. 678, 482 S.E.2d 663 (1996).

Syl. Pt. 4, *E.H. v. Matin*, 201 W.Va. 463, 498 S.E.2d 35 (1997). Here, the circuit court clearly found that in-state facilities were equipped to deal with petitioner's specific problems, thereby obviating the need for out-of-state placement. For these reasons, we find that the circuit court's

decision was neither arbitrary nor capricious, and constituted the least-restrictive dispositional alternative, given petitioner's specific circumstances. Accordingly, we find no error.

For the foregoing reasons, the circuit court's May 11, 2016, dispositional order is hereby affirmed.

Affirmed.

**ISSUED**:  May 22, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker